UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICKEY A. BEAVER.,

    Plaintiff,

v.

WESTERN STATE HOSPITAL AND RICK PALMERTON.,

    Defendants.

Case No. C06-5215RJB

ORDER TO SHOW CAUSE

This action, brought pursuant to 42 U.S.C. 1983, has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). The plaintiff has been granted leave to proceed *in forma pauperis*. Plaintiff seeks monetary damages based on a hearing regarding his conduct at the hospital where he was placed on ward hold and denied "level 6." (Dkt. # 4, page 8). Plaintiff is a patient at the hospital and is not an inmate or prisoner. Plaintiff does not inform the court if he is voluntarily or involuntarily committed.

    Plaintiff complains because of an incident where he made a cup of tea in the library. Later that day he was confronted by Mr. Palmerton, his therapist, and told he was being placed on "TRC" hold and "level 6 hold," pending a treatment team hearing. Instead of a treatment team hearing plaintiff was seen by a risk review board which included Mr. Palmerton as one of its members. Plaintiff was found guilty of misbehavior or improper conduct and denied "level 6." (Dkt. # 4, page

ORDER - 1

8).

Plaintiff alleges bringing his incident before a risk review board instead of a treatment team hearing denied him equal protection of the law, but he provides no details as to how other patients are treated and he does not provide any information as to pertinent written policies or practices of the hospital. Plaintiff also alleges a due process violation but fails to show he has any life liberty or property interest in obtaining or keeping "levels."

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

In addition, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982).

The Equal Protection clause requires that all persons similarly situated be treated similarly by the government. Conclusory allegations, by themselves, however, do not establish an equal protection violation without proof of invidious discriminatory intent. See Village of Arlington Heights v. Metropolitan Hour. Dev. Corp., 429 U.S. 252, 265 (1977). Moreover, when a suspect class is not implicated the court must determine whether the alleged discrimination is "patently arbitrary and bears no rational relationship to a legitimate governmental interest." Vermouth v. Carruthers, 827 F.2d 599, 602 (9th Cir. 1987)(quoting Young v. United States Parole Common, 682 F.2d 1105, 1109 (5th Cir.), cert. denied, 459 U.S. 1021 (1982)). Plaintiff has not alleged

ORDER - 2

discriminatory intent and provides nothing but conclusory allegations.

The Due Process clause of the Fourteenth Amendments provides that no person shall be deprived of life, liberty or property without due process of law. In analyzing a procedural due process claim, a court must first determine whether the claimant has been deprived of a liberty or property interest protected by the Constitution; if so, the court must determine whether the procedures attendant upon that deprivation were constitutionally sufficient. <u>Kentucky Dep't of Corrections v. Thompson</u>, 490 U.S. 454 (1989). As noted above, plaintiff fails to allege facts to show he has a protected interest in receiving "level 6."

At this stage of the proceedings it is proper to give plaintiff an opportunity to cure the defects in the complaint, if possible. Accordingly plaintiff shall show cause why this action should not be dismissed for failure to state a claim. A response is due on or before **June 23rd, 2006.** Failure to respond or an inadequate response will result in a Report and Recommendation that this action be **DISMISSED** for failure to state a claim.

Plaintiff has also filed a motion for a no contact order and requests that he have no contact with his therapist, Mr. Palmerton during the pendency of this action. (D.t. # 5). In light of the order to show cause the court strikes this motion without prejudice. Plaintiff may file the motion again if he is able to provide a sufficient complaint.

The Clerk is directed to send a copy of this Order to plaintiff.

DATED this 16th day of May 2006.

>/S/ J. Kelley Arnold>
J. Kelley Arnold
United States Magistrate Judge

ORDER - 3